UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                                    :
IN RE VIVENDI UNIVERSAL, S.A.                       :        No. 02 Civ. 5571 (RJH) (HBP)
SECURITIES LITIGATION                               :
                                                    :
                                                    :
This Document Relates to:                           :
                                                    :
07 Civ. 7370    07 Civ. 10954    08 Civ. 0418       :
07 Civ. 7775    07 Civ. 10995    08 Civ. 0950       :
07 Civ. 7776    07 Civ. 11092    08 Civ. 1111       :
07 Civ. 7778    07 Civ. 11305    08 Civ. 1973       :
07 Civ. 7779    07 Civ. 11483    08 Civ. 1974       :
07 Civ. 7803    07 Civ. 11484    08 Civ. 1975       :
07 Civ. 7863    07 Civ. 11485    08 Civ. 1983       :
07 Civ. 8156    07 Civ. 11628    08 Civ. 2056       :
07 Civ. 8208    08 Civ. 0024     08 Civ. 2057       :
07 Civ. 8830    08 Civ. 0116     08 Civ. 2058       :
07 Civ. 9229    08 Civ. 0117     08 Civ. 2166       :
07 Civ. 9593    08 Civ. 1938     08 Civ. 2214       :
07 Civ. 10578   08 Civ. 1985                        :
                                                    :
                                                    :

### DECLARATION OF CHRISTINE M. MACKINTOSH IN OPPOSITION TO DEFENDANT GUILLAUME HANNEZO'S MOTION TO DISMISS

CHRISTINE M. MACKINTOSH hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am an associate at Grant & Eisenhofer P.A. ("G&E"), attorneys for certain of the Individual Plaintiffs in this matter ("Individual Plaintiffs" or "Plaintiffs").  I make this declaration in opposition to Defendant Guillaume Hannezo's ("Hannezo") motion to dismiss complaints of the Individual Plaintiffs.

2.      In October 2007, Plaintiffs provided Hannezo's counsel with copies of complaints they had filed to that date.  In an effort to conserve judicial resources and eliminate the need for costly translations of complaints, Plaintiffs asked Hannezo's counsel to accept service of the complaints, *see* Exhibit A, and counsel for certain Plaintiffs mailed waivers of service for the

complaints they had filed.  Hannezo's counsel refused to accept service, *see* Exhibit B, and the waivers were not returned.

3.      Counsel for Plaintiffs retained private investigators to locate Hannezo, whom they understood to be living in France.  *See* Exhibit C.  Through those efforts, counsel located Hannezo's business address in Paris.

4.      On January 7, 2008, the Court issued a scheduling order (the "Scheduling Order").  In the Scheduling Order, the Court indicated that Plaintiffs could come back to the Court for an order for alternative service should they be unable to effect Hague Service on Hannezo by June 1, 2008.  *See* Exhibit D.

5.      Counsel for Plaintiffs promptly solicited and obtained competitive bids for the enormous task of translating each of their collective thirty one complaints and related documents into French as required under the Hague Convention, and serving those complaints in France, and were able to secure a favorable bid (*see* Exhibit E).  Plaintiffs' translation and service vendor estimated that it would take between four and six months to translate and serve the complaints and related documents, which collectively amount to thousands of pages.  The cost will be in excess of $80,000.

6.      Recognizing that Hannezo would not formally be served for some time, certain Plaintiffs served copies of their complaints on Hannezo's counsel on February 12, 2008.  *See* Exhibit F.  Hannezo's counsel replied that he did not consider this good service.  *See* Exhibit G.

7.      Plaintiffs, nonetheless, apprised Hannezo's counsel of all deposition and other discovery dates and invited him to participate.  These offers were refused for all cases other than with respect to the *Capitalia* matter.  Nevertheless, ever since discovery commenced pursuant to the Court's Scheduling Order, Hannezo's counsel has received copies of all of Plaintiffs' written

discovery requests and responses and Plaintiffs' document productions, and his counsel has been present at depositions of Plaintiffs' designated experts and non-party witnesses. Counsel for Hannezo participated in virtually all of the depositions conducted by counsel for the Individual Plaintiffs, including the depositions of Hubert Dupont L'hotelain, held on May 20, 2008; Laurence Daniel, held on May 21, 2008; Dominique Gibert, held on May 23, 2008; Eileen McLaughlin, held on May 29, 2008; Jean Charles Brisard, held on June 11, 2008; Ann Clarke-Wolff, held on July 1, 2008; and Phillippe Guez, held on July 9, 2008. Hannezo's counsel also attended the deposition of the Individual Plaintiffs' damages expert, Frank Torchio, held on June 11-12, 2008.

8.    On April 10, 2008, counsel for Plaintiff Frankfurt-Trust Investment-Gesellschaft MBH ("Frankfurt") asked Hannezo's counsel to accept service of Frankfurt's amended complaint on behalf of Hannezo. *See* Exhibit H. Hannezo's counsel refused the request. *See* Exhibit I.

9.    By May 19, 2008, the first of Plaintiffs' complaints (after *Capitalia*'s) and related documents had been translated and sent to France for service. Over the following weeks, the Bailiff attempted on no less than seven separate occasions to serve Hannezo at his place of business. *See* Exhibit J. Hannezo finally made an appointment with the Bailiff to accept service of the complaints on June 26, 2008. *Id.*

10.    On June 26, 2008, the bailiff of SCP Perolle Soubie-Ninet (the "Bailiff") met with Hannezo, who accepted service of 20 complaints filed on behalf of certain of the Individual Plaintiffs that had been translated into French. Hannezo at this time refused to agree to set another date for service of additional translated complaints, and relegated the Bailiff to contacting Hannezo's assistant to find a date and time convenient to Hannezo to next meet,

which was not until July 11, 2008.  Attached hereto as Exhibit K is an email dated July 1, 2008 from Karina Shreefer (Legal Language Services) to Christine Mackintosh regarding (1) the service of certain complaints on Hannezo by the bailiff, and (2) the July 11, 2008 appointment to serve Hannezo translated complaints.

11.    Hannezo was served with seven additional complaints on July 11, 2008.  Attached hereto as Exhibit L is a chart prepared by Legal Language Services documenting the status of translation and service to date.

12.    The role of a bailiff in France is more akin to that of an attorney than that of a bailiff of American courts.  French bailiffs have broad legal training and, in addition to serving process and other state functions, they enforce judgments and are responsible for a specific geographic region in France.  Procedurally when service of process is made through a French bailiff, the bailiff usually sends out his sworn clerk or notary to serve the documents, which is permitted under French law.  In the instant matter, however, the two bailiffs themselves (who are the partners of the firm engaged to serve Hannezo) went to serve Hannezo.  That, we are informed, is an unprecedented event.

13.    As of the date of this filing, four of the complaints remain in the process of being translated and served.  *See* Exhibit L hereto.

14.    On November 14, 2007, the plaintiffs in *Capitalia Asset Management SGR, S.p.A. et al. v. Vivendi et al.*, 07 Civ. 5742, effected service of their complaint on Hannezo pursuant to the Hague Convention.  *See* Exhibit M.  As the *Capitalia* complaint had been filed on June 15, 2007, service of the *Capitalia* complaint was made more than 120 days after filing, but Hannezo never objected to the timeliness of such service.  In fact, Hannezo's counsel actively participated in all depositions and other discovery matters to the extent they related to *Capitalia*.

Done at New York, New York this 15th day of July, 2008.


                /s/ Christine M. Mackintosh
                    Christine M. Mackintosh

# Exhibit A



Jay W. Eisenhofer
Stuart M. Grant
Megan D. McIntyre
Geoffrey C. Jarvis
Sidney S. Liebesman
John C. Kairis
Michael J. Barry
James J. Sabella*
David E. Sellinger
Cynthia A. Calder
Stephen G. Grygiel
Keith M. Fleischman*

**Grant & Eisenhofer P.A.**

Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

485 Lexington Avenue
29th Floor
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

Charles T. Caliendo*
Mary S. Thomas
Lesley E. Weaver*
Diane T. Zilka
Jill Agro
Jeff A. Almeida◦
Naumon A. Amjed
Peter B. Andrews
James R. Banko
Ananda Chaudhuri
P. Bradford deLeeuw
Lydia Ferrarese*
Christine Mackintosh◦

Jonathan D. Margolis*
James P. McEvilly, III
Sharan Nirmul
Catherine Pratsinakis
Brian M. Rostocki
Ralph N. Sianni
Hung Ta*
Marc D. Weinberg◦
Kimberly L. Wierzel

◦ Admitted in NJ & PA Only
* Admitted in NY Only
◦ Admitted in PA Only
* Admitted in CA Only

Direct Dial: 302-622-7081
Email: cmackintosh@gelaw.com

October 10, 2007

**VIA ELECTRONIC AND FIRST-CLASS U.S. MAIL**

Martin L. Perschetz, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Re:    **Bayern-Invest Kapitalanlagegesellschaft Mbh v. Vivendi, S.A.,** *et al.,* **07-cv-7775 (RJH)**
**Deka Investment v. Vivendi, S.A.,** *et al.,* **07-cv-7776 (RJH)**
**Frankfurter Service Kapitalanlage-Gesellschaft mbh v. Vivendi, S.A.,** *et al.,* **07-cv-7863 (RJH)**
**Helaba Invest Kapitalanlagegesellschaft mbh v. Vivendi, S.A.,** *et. al.,* **07-cv-7778 (RJH)**
**HSBC Trinkaus & Burkhardt AG v. Vivendi, S.A.,** *et al.,* **07-cv-8208 (RJH)**
**IFOS Internationale Fonds Service Ag v. Vivendi, S.A.,** *et al.,* **07-cv-7802 (RJH)**
**Internationale Kapitalanlagegesellschaft mbh v. Vivendi, S.A.,** *et al.,* **07-cv-7779 (RJH)**
**Metzler Investment GMBH v. Vivendi, S.A.,** *et al.,* **07-cv-7803 (RJH)**
**Norges Bank v. Vivendi, S.A.,** *et al.,* **07-cv-7370 (RJH)**

Dear Mr. Perschetz:

As you know, we represent the plaintiffs in the above-captioned actions (the "Individual Actions") against Vivendi, S.A. ("Vivendi"), Jean-Marie Messier ("Mr. Messier"), and Guillaume Hannezo ("Mr. Hannezo"). We understand that you represent Mr. Hannezo in the Class Action.

We have served Vivendi and Mr. Messier with the complaints filed in the Individual Actions. We have requested that you accept service on behalf of Mr. Hannezo—who we

Martin L. Perschetz, Esquire
October 10, 2007
Page 2


understand to be located in France—in the Individual Actions.     During our telephone conversation yesterday, you indicated that you were unwilling to do so.  Accordingly, we have set about the process of serving Mr. Hannezo in France through the Hague Convention.  The costs we will incur in connection with such service of the Individual Actions—including effecting service and obtaining certified translations of each of the lengthy complaints and related documents filed in the Individual Actions—are in excess of $20,000.  In light of these extensive costs, we respectfully request that you reconsider your position on acceptance of service.

    Please advise whether we can reach a mutually agreeable resolution to this wasteful use of resources.

                    Very truly yours,

                    Christine Mackintosh


CMM/pjk

# Exhibit B

# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Martin L. Perschetz
212.756.2247

Writer's E-mail Address
martin.perschetz@srz.com

October 19, 2007

**VIA EMAIL AND REGULAR MAIL**

Christine Mackintosh, Esq.
Grant & Eisenhofer P.A.
Chase Manhattan Centre
1201 North Market Street
Wilmington, Delaware 19801

> Re: **Bayern-Invest Kapitalanlagegesellschaft Mbh v. Vivendi, S.A. *et al.*, 07-cv-7775 (RJH)**
> **Deka Investment v. Vivendi, S.A. *et al.*, 07-cv-7776 (RJH)**
> **Frankfurter Service Kapitalanlage-Gesellschaft mbh v. Vivendi, S.A., *et al.*, 07-cv-7863 (RJH)**
> **Helaba Invest Kapitalanlagegesellschaft mbh v. Vivendi, S.A. *et al.*, 07-cv-7778 (RJH)**
> **HSBC Trinkaus & Burkhardt AG v. Vivendi, S.A. *et al.*, 07-cv-8208 (RJH)**
> **IFOS Internationale Fonds Service Ag v. Vivendi, S.A. *et al.*, 07-cv-7775 (RJH)**
> **Internationale Kapitalanlagegesellschaft mbh v. Vivendi, S.A. *et al.*, 07-cv-7779 (RJH)**
> **Metzler Investment GMBH v. Vivendi, S.A. *et al.*, 07-cv-7803 (RJH)**
> **Norges Bank v. Vivendi, S.A. *et al.*, 07-cv-7370 (RJH)**

Dear Ms. Mackintosh:

This is in response to your letter of October 10.

In your October 10 letter, you raise the subject of the costs that would be associated with an attempt by Plaintiffs to serve my client Guillaume Hannezo with a summons and complaint through the use of Hague Convention procedures. I write to express my observation that (a) to my knowledge, Mr. Hannezo has never received notice of any of the above actions in the manner provided in Rule 4(d)(2) of the Federal Rules of Civil Procedure; and (b) any costs associated with serving Mr. Hannezo, a foreign citizen and resident, abroad

10530923.1

Christine Mackintosh, Esq.
October 19, 2007
Page 2

through the use of Hague convention procedures or otherwise will be borne solely by Plaintiffs. *See* Rule 4(d)(2) (providing for imposition by court of costs incurred in effecting service only where the defendant is "located within the United States" and fails to comply with a request for waiver following prescribed notice); *Steinberg v. Quintet Publ'g Ltd.*, 1999 U.S. Dist. LEXIS 9729 (S.D.N.Y. June 28, 1999); *Hoffman-La Roche, Inc. v. Invamed, Inc.*, 183 F.R.D. 157 (D.N.J. 1998).

Very truly yours,

Martin L. Perschetz

# Exhibit C

## Christine Mackintosh

**From:** Christine Mackintosh
**Sent:** Monday, October 22, 2007 11:58 AM
**To:** Jay Dawdy
**Subject:** RE: Vivendi locates

Thanks. Looking forward to seeing what you come up with.

---

**From:** Jay Dawdy [mailto:JDAWDY@gryphoninvestigations.com]
**Sent:** Monday, October 22, 2007 11:57 AM
**To:** Christine Mackintosh
**Subject:** RE: Vivendi locates

You bet. Just to keep you posted - I spoke to my contacts in France this morning and should have some feedback for you within the next few days.

Sincerely,

Jay Dawdy, CFE, CMA
Sr. Managing Director, Partner
Gryphon Investigations
One North Broadway, Suite 602
White Plains, New York 10601
P: 914-730-9027
F: 914-730-9009
Email: jdawdy@gryphoninvestigations.com
www.GryphonInvestigations.com

---

**From:** Christine Mackintosh [mailto:CMackintosh@gelaw.com]
**Sent:** Thursday, October 18, 2007 3:47 PM
**To:** Jay Dawdy
**Subject:** RE: Vivendi locates

Thanks so much. We appreciate your help.

---

**From:** Jay Dawdy [mailto:JDAWDY@gryphoninvestigations.com]
**Sent:** Thursday, October 18, 2007 3:41 PM
**To:** Christine Mackintosh
**Subject:** RE: Vivendi locates

Thanks, Christine. We're kicking it around and will revert. I'm also reaching out to a source in France in the AM who might be helpful.

I'll let you know. Thanks.

Sincerely,

Jay Dawdy, CFE, CMA
Sr. Managing Director, Partner

6/23/2008

Gryphon Investigations
One North Broadway, Suite 602
White Plains, New York 10601
P: 914-730-9027
F: 914-730-9009
Email: jdawdy@gryphoninvestigations.com
www.GryphonInvestigations.com

---

**From:** Christine Mackintosh [mailto:CMackintosh@gelaw.com]
**Sent:** Thursday, October 18, 2007 1:39 PM
**To:** Jay Dawdy
**Subject:** FW: Vivendi locates

Jay:

Below is the information (Guillaume Hannezo is the target; we were able to find Messier in NY and served him there).  Please let us know if you have any thoughts.

Christine

---

**From:** Philip Segal [mailto:PSegal@mintzgroup.com]
**Sent:** Friday, September 28, 2007 2:08 PM
**To:** Christine Mackintosh
**Subject:** Vivendi locates

Dear Christine:

Here is what I believe to be the probable addresses for your two subjects:

Jean-Marie Messier, U.S. business address:
Messier Partners LLC
1 Rockefeller Plaza
New York NY 10020.

Tel. 212-332-6050

Messier New York residence:
228 East 67th St., Apt. A
New York, NY 10021

Tel. 212-879-4270.
This appears not to be a doorman building.  According to databases, it is just two apartments. The address is also shared by a French restaurant, and someone who answered the phone there said there were apartments upstairs. Because of this, and because the databases indicate Messier left this address last year, I would start by trying to serve him at the business address.

Hannezo French business address:

Rothschild & Cie.
23 bis Avenue de Messine
75008 Paris

Tel (direct line): 011-33-1-4074-8803

Hannezo left his most recent residential address in New York around the time he left Vivendi, according to databases. I called the doorman at this building on Central Park West in New York. The doorman told me nobody

by the name of Hannezo lives in the building now.

Please let us know if you need more on this.

Best regards,
Phil Segal

Philip Segal
James Mintz Group. Inc.
32 Avenue of the Americas, 21st Fl.
New York, NY 10013
Tel: 212-489-7100
Fax: 212-489-7037
psegal@mintzgroup.com

This communication may be protected by the attorney/client privilege and may contain confidential information intended only for the person to whom it is addressed. If it has been sent to you in error, please do not read it. Please reply to the sender by e-mail or the phone number below that you have received the message in error. Then delete this message and any attachments without copying, forwarding or reading it. Any dissemination, distribution, copying, forwarding or other reproduction of this message is strictly prohibited.



This email message, together with any attachments, is confidential, intended only for the named recipient(s) and may contain information that is privileged investigator-attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you are not the intended recipient, please contact the sender at 914-730-9000 or via return email and delete all copies of this file.



This email message, together with any attachments, is confidential, intended only for the named recipient(s) and may contain information that is privileged investigator-attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you are not the intended recipient, please contact the sender at 914-730-9000 or via return email and delete all copies of this file.

6/23/2008

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

This Document Relates To:

| | |
|---|---|
| 07 Civ. 5742 | 07 Civ. 7370 |
| 07 Civ. 7775 | 07 Civ. 7776 |
| 07 Civ. 7778 | 07 Civ. 7779 |
| 07 Civ. 7802 | 07 Civ. 7803 |
| 07 Civ. 7863 | 07 Civ. 8156 |
| 07 Civ. 8208 | 07 Civ. 8830 |
| 07 Civ. 9229 | 07 Civ. 9592 |
| 07 Civ. 9593 | 07 Civ. 10578 |
| 07 Civ. 10954 | 07 Civ. 10995 |
| 07 Civ. 11092 | 07 Civ. 11297 |
| 07 Civ. 11305 | |

No. 02 Civ. 5571 (RJH) (HBP)

**SCHEDULING ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

A conference having been held in these cases on October 30, 2007; the parties

having submitted proposals regarding scheduling in the above-captioned actions (the

"Individual Actions"); and the Court having considered the submissions of the parties, it

is hereby ordered:

1.    This Order shall apply to the Individual Actions and to any related

individual actions hereafter filed, which individual actions shall thereafter automatically

be deemed to be "Individual Actions" subject to this Order, unless relief from this Order

is granted by the Court.

2.    The provisions of the Confidentiality Order in the Class Action shall apply

to the Individual Actions. Counsel for the plaintiffs in each of the Individual Actions (the

"Individual Plaintiffs") shall be entitled to full and equal access to all discovery in the

Class Action on the same terms as counsel for the Lead Plaintiffs in the Class Action, and in accordance with the terms set forth in said Confidentiality Order.

3.    The Individual Actions are consolidated with each other and with the Securities Class Action for all purposes. The Court finds that considerations of convenience and judicial economy warrant consolidation. The Individual Plaintiffs will not be unduly prejudiced as they will not be deprived of the right to take necessary supplemental discovery, retain experts, or pursue independent strategies for trial or settlement. Their claim of possible prejudice resulting from the application of the provisions of the Securities Litigation Uniform Standards Act is at this point premature and would not justify the separate trial of the claims of over fifty Individual Plaintiffs as well as those of the class, all of which raise common questions of law and fact.

4.    Upon the consent of the parties, there shall be no stay of discovery in the event that defendants move to dismiss the Individual Actions. The Individual Parties shall appoint a coordinating committee of four lawyers to coordinate all discovery by and between the Individual Plaintiffs and defendants and to coordinate all submissions to the Court. Any member of such committee (but only one member of the committee) may act as spokesperson for the committee on any particular discovery matter or with regard to any motions before the Court. Any written communication by a defendant to a member of the committee shall be copied to the remaining three members of the committee. The parties may apply to Judge Pitman if they believe they are in need of further assistance in coordinating pre-trial discovery.

5.    By January 14, 2008, defendants in the Class Action shall provide to counsel for the Individual Plaintiffs one copy of: (1) all of the documents and all of the

other discovery that defendants have produced in the Class Action; (2) all of the

depositions and all of the deposition exhibits in the Class Action; (3) all of the documents

and all of the other discovery that defendants in the Class Action have received from non-

parties including, but not limited to, all documents and all other materials that non-parties

have produced to defendants in response to subpoenas *duces tecum*; (4) all discovery

requests, formal responses and correspondence explaining any limitations on what was

produced in response to requests; and (5) all pleadings and court papers filed in the class

action. To the extent presently available, all such discovery materials should be produced

to counsel for the Individual Plaintiffs in the form of CDs, hard drives, or other

appropriate computer-searchable media.

6. By January 14, 2008, Lead Plaintiffs in the Class Action shall provide to

counsel for the Individual Plaintiffs one copy of: (1) all of the documents and all of the

other discovery that plaintiffs have produced in the Class Action; and (2) all of the

documents and all of the other discovery that plaintiffs in the Class Action have received

from non-parties including, but not limited to, all documents and all other materials that

non-parties have produced to plaintiffs in response to subpoenas *duces tecum*. To the

extent presently available, all such discovery materials should be produced to counsel for

the Individual Plaintiffs in the form of CDs, hard drives, or other appropriate computer-

searchable media.

7. By March 18, 2008 the Individual Plaintiffs shall serve a single

consolidated set of notices of deposition. With respect to any witnesses who have

already been deposed ("follow-up depositions"), counsel for the Individual Plaintiffs

shall identify with reasonable specificity in an attachment to the notice of deposition the

topics they believe have not been fully and fairly covered in the prior deposition. If, after

conferring with Individual Plaintiffs' counsel, defendants object to the scope of any

follow-up deposition, they may apply to Judge Pitman by March 24, 2008 for an order

limiting such deposition. Judge Pitman will rule on any such objections during the week

of March 31, 2008. All fact depositions noticed by the Individual Plaintiffs shall be

completed by June 2, 2008.

8.    The Individual Plaintiffs may serve consolidated non-duplicative requests

for admission, interrogatories consistent with Local Rule 33.3, and document requests

that seek documents not already produced by defendants. Any such request shall be

served by March 18, 2008. If, after conferring with the Individual Plaintiffs' counsel,

defendants object to any such discovery request, they may serve responses and objections

to those requests by March 24, 2008 and, if necessary, apply to Judge Pitman on that

same date for a protective order. Judge Pitman will rule on that motion during the week

of March 31, 2008.

9.    By January 14, 2008 defendants shall serve upon Individual Plaintiffs any

(a) document requests, (b) interrogatories regarding standing and (c) other interrogatories

contemplated by Local Rule 33.3. Individual Plaintiffs shall respond by February 14,

2008.

10.    By February 20, 2008, defendants shall serve any deposition notices upon

Individual Plaintiffs. All depositions of Individual Plaintiffs shall be completed by April

15, 2008. No deposition of Individual Plaintiffs shall be taken before February 20, 2008.

11.    Defendants' expert disclosures shall be made, as previously scheduled, on March 7, 2008. The Court understands that Class Plaintiffs' and Liberty Media's expert disclosures were made by December 21, 2007.

12.    Depositions of Class Plaintiffs' and Liberty Media's experts shall be completed between March 10 and March 28, 2008 and depositions of defendants' experts shall be completed between March 31 and April 21, 2008.

13.    By May 15, 2008 Individual Plaintiffs shall file expert disclosures, and defendants shall file any supplemental expert disclosures relating only to claims made by the Individual Plaintiffs by June 6, 2008. Depositions of these experts shall be completed by July 3, 2008.

14.    Defendants' motions to dismiss the Individual Plaintiffs' actions and summary judgment motions, if any, shall be filed on June 15, 2008. Opposition papers shall be filed on July 15, 2008. Reply papers shall be filed on July 25, 2008.

16.    Trial will begin on October 14, 2008.

17.    Absent agreement among the parties or further application to the Court, Individual Actions filed after February 28, 2008 shall be stayed pending trial of the consolidated actions.

18.    A status conference will be held on June 27, 2008 at 2:00 p.m. Prior to the conference the parties shall submit a joint proposal for the preparation of a final pre-trial order and related filings (motions *in limine*, deposition designations, proposed jury charges, etc.)

19.    Defendant Hannezo is a party to certain of the consolidated actions and is bound by all discovery conducted herein. If the Individual Plaintiffs are unable to effect

5

service pursuant to The Hague Convention by June 1, 2008 they may apply to the Court

for permission to make alternate service.

SO ORDERED.

Dated:  New York, New York
        January 7, 2008

                                   Richard J. Holwell
                         United States District Judge

# Exhibit E



**LEGAL LANGUAGE SERVICES**

| | |
|---|---|
| *A Division of ALS International, Inc.* | Telephone (913) 341-3167 |
| 8014 State Line Road | Toll Free (800) 755-5775 |
| Suite 110 | Telefax (913) 341-3168 |
| Leawood, KS 66208 | www.legallanguage.com |

February 6, 2008

Christine Mackintosh
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 North Market St.
Wilmington, DE 19801

       ***Re:   Vivendi litigation***

Dear Christine:

It was a pleasure speaking with you about your project. Legal Language Services (LLS) can provide translation from English into French and legal certification of 28 complaints and related documents filed in the above-referenced litigation, as well as service of process of 28 Hague Service Requests upon one defendant in France, on the following terms:

      Translation, legal certification, and service of process        $83,550

      Currently, turnaround time for translation and service of process is estimated to be between four and six months.

      In order for LLS to initiate work, we require your signature below acknowledging that your firm has authorized the project and is responsible for payment. The bid letter may be returned to LLS at our toll-free fax number, (888) 754-8454. Please note that delays in returning this bid letter may jeopardize deadlines for your project. **Payment must also be received by LLS prior to initiating work.** For your convenience, LLS accepts most major credit cards, checks and wire transfers.

      Please note if job is subsequently cancelled or put on hold, GRANT & EISENHOFER P.A. will be responsible for any costs that have been incurred by LLS.

      All prices quoted herein are valid for a period of sixty (60) days from the date of this letter.

I hope you will not hesitate to contact me at (800) 755-5775 if you have questions concerning this price quote or with regard to any aspect of the work we will be performing. I look forward to hearing from you.

Sincerely yours,               Agreed and accepted by:

LEGAL LANGUAGE SERVICES      GRANT & EISENHOFER P.A.
*A Division of ALS International, Inc.*

/s/

                              2/6/08
                              (signature & date)

Karina Shreefer, Esq.
International Litigation Support
National Service Center                     JAMES SABELLA
                              (printed name & title) Director

# Exhibit F



**Grant & Eisenhofer P.A.**

Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 • Fax: 202-350-5908

Direct Dial: 646-722-8520
Email: jsabella@gelaw.com

February 12, 2008

**By Hand**

Martin L. Perschetz, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

       **Re:**    **Vivendi**

Dear Mr. Perschetz:

    As you know, we represent the plaintiffs in certain of the individual Vivendi actions, which have been consolidated with the class action. Through delivery to you, as counsel to Guillaume Hannezo in the consolidated actions, we hereby serve the enclosed summonses and complaints upon Mr. Hannezo.

                Very truly yours,

                *James Sabella*

                James J. Sabella

Enclosures

# Exhibit G

# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Martin L. Perschetz
212.756.2247

Writer's E-mail Address
martin.perschetz@srz.com

February 12, 2008

**VIA FACSIMILE**

James J. Sabella, Esq.
Grant & Eisenhofer P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017

Re:  **In re Vivendi Universal, S.A. Sec. Litig.**

Dear Mr. Sabella:

I write in response to your letter of earlier today.  Your letter states that through delivery to me, you have served your summons and complaint upon my client, Guillaume Hannezo.  As you and I have previously discussed, we do not agree.

Sincerely,

Martin L. Perschetz

10608635.1

# Exhibit H



Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

Grant & Eisenhofer P.A.

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 • Fax: 202-350-5908

Direct Dial: 302-622-7095
Email: dzilka@gelaw.com

April 10, 2008

**VIA ELECTRONIC AND FIRST-CLASS U.S. MAIL**

Martin L. Perschetz, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Re: *In re Vivendi Universal S.A. Sec. Litig.*, **02 Civ. 5571 (RJH)**
*Frankfurt-Trust Investment-Gesellschaft MBH, et al. v. Vivendi, S.A., et al,*
*(07-cv-7863)*

Dear Marty:

As you know, we represent the plaintiffs in the above-captioned action against Vivendi, S.A. ("Vivendi"), Jean-Marie Messier, and Guillaume Hannezo. We understand that you represent Mr. Hannezo in the Class Action and in at least one of the other Individual Actions that have been consolidated with the Class Action. We have served Vivendi and Mr. Messier with the amended complaint filed in the above-referenced action. We are hereby requesting that you agree to accept service on behalf of Mr. Hannezo. Please advise if you will or will not.

Very truly yours,

Diane Zilka

# Exhibit I

# Diane Zilka

| | |
|---|---|
| **From:** | Perschetz, Martin [Martin.Perschetz@srz.com] |
| **Sent:** | Thursday, April 10, 2008 5:32 PM |
| **To:** | Diane Zilka |
| **Cc:** | Jim Sabella; Christine Mackintosh; Joseph Gulino; areus@drrt.com; CWefers@drrt.com; dslifkin@cravath.com; ddixon@cravath.com; hfischman@cravath.com; james.quinn@weil.com; jonathan.polkes@weil.com; lalbert@kslaw.com; mmalone@kslaw.com; mpaskin@cravath.com; mreynolds@cravath.com; psaunder@cravath.com; penny.reid@weil.com; tcameron@cravath.com; Anthony J. Harwood; Benjamin J. Hinerfeld; Ingrid L. Moll; jbleichmar@labaton.com; John Kehoe; Kevin Maclay; Lee Anne Walters; Leslie Kelleher; Mark S. Arisohn; Michael E. Elsner; Nathan D. Finch; Stuart L. Berman; William Narwold; Swartz, Michael; Philip, Einat |
| **Subject:** | RE: Vivendi -- Frankfurt Trust amended complaint |

This is in response to your letter to me of today's date. As you are aware, we are not
accepting service on Mr. Hannezo's behalf.

-----Original Message-----
From: Diane Zilka [mailto:dzilka@gelaw.com]
Sent: Thursday, April 10, 2008 5:15 PM
To: Perschetz, Martin; Philip, Einat; Swartz, Michael
Cc: Jim Sabella; Christine Mackintosh; Joseph Gulino; areus@drrt.com; CWefers@drrt.com;
dslifkin@cravath.com; ddixon@cravath.com; hfischman@cravath.com; james.quinn@weil.com;
jonathan.polkes@weil.com; lalbert@kslaw.com; mmalone@kslaw.com; mpaskin@cravath.com;
mreynolds@cravath.com; psaunder@cravath.com; penny.reid@weil.com; tcameron@cravath.com;
Anthony J. Harwood; Benjamin J. Hinerfeld; Ingrid L. Moll; jbleichmar@labaton.com; John
Kehoe; Kevin Maclay; Lee Anne Walters; Leslie Kelleher; Mark S. Arisohn; Michael E.
Elsner; Nathan D.
Finch; Stuart L. Berman; William Narwold
Subject: Vivendi -- Frankfurt Trust amended complaint

Marty, please see the attached.

************************************************************************
U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this
communication was not intended or written to be used, and cannot be used, for the purpose
of avoiding U.S. federal tax penalties.
************************************************************************

NOTICE

This e-mail message is intended only for the named recipient(s) above. It may contain
confidential information that is privileged or that constitutes attorney work product.  If
you are not the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this e-mail and any attachment(s) is strictly prohibited.  If
you have received this e-mail in error, please immediately notify the sender by replying
to this e-mail and delete the message and any
attachment(s) from your system.  Thank you.
===========================================================================

# Exhibit J

**Christine Mackintosh**

| | |
|---|---|
| **From:** | Karina Shreefer [kshreefer@legallanguage.com] |
| **Sent:** | Monday, June 23, 2008 1:40 PM |
| **To:** | Christine Mackintosh |
| **Subject:** | RE: Vivendi Complaint Final (Ilmarinen).PDF [G&E-LEGAL.FID20751] |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |
| **Attachments:** | Chronology of Hannezo service attempts.doc |

Christine,

Please see attached document memorializing service attempts upon Hannezo.

Thanks,

Karina

**JUNE 23, 2008**. CHRONOLOGY OF ATTEMPTS TO SERVE GUILLAUME HANNEZO BY FRENCH BAILIFF OF SCP PEROLLE SOUBIE-NINET IN PARIS, FRANCE

1. The documents were delivered to the SCP Perolle Soubie-Ninet on May 19, 2008.

2. LLS telephoned the bailiff's office on Wednesday, May 28, 2008. Service attempts are to begin tomorrow (attempts would have begun sooner, but the person in charge of international service requests, Mrs. Bertin, was on vacation).

3. On Thursday, May 29, 2008, the bailiff's sworn clerk went to Hannezo's place of employment, Rothschild & Co., where he spoke to Hannezo's personal assistant. She indicated that Hannezo was traveling but would be back in the office next week. Bailiff's office told LLS that they would again attempt personal service on Monday, June 2, 2008.

4. Bailiff's sworn clerk went to Rothschild & Co. at 6 pm on Monday, June 2, 2008. He again spoke with Hannezo's personal assistant, who said that Hannezo was in a meeting and that the clerk should wait at the reception desk for her. The clerk waited until 6:45 pm, then spoke to the receptionist, who said that the personal assistant had left for the day.

5. Sworn clerk returned to Rothschild & Co. on Wednesday, June 4, 2008. He was informed that the personal assistant was not in, and that it would be difficult to see Hannezo without her, so the sworn clerk decided to return the next day.

6. Sworn clerk returned to Rothschild & Co. the morning of Thursday, June 5, 2008. He was informed that neither Hannezo nor the personal assistant were in that day. He left his calling card, and the calling card of Mrs. Bertin at the SCP Perolle Soubie-Ninet, with both business and home phone numbers, asking Hannezo to phone to make an appointment for service.

7. Sworn clerk returned to Rothschild & Co. the morning of Friday, June 6, 2008. The personal assistant was not in, but the receptionist was able to get a message to Hannezo. Hannezo called back from his cell phone, saying that he was out of the country. Hannezo indicated that the bailiff's office could telephone the next week to set up an appointment with his personal assistant for personal service upon himself.

8. On Monday, June 9, 2008, the bailiff's office was able to speak to the personal assistant. She said that Hannezo was still traveling, but would return soon, and that he had agreed to come to get the documents himself at the bailiff's office or would set an appointment for personal service.

9. On Tuesday, June 10, 2008, the bailiff's office spoke to the personal assistant, who said that she would call back on June 11, 2008, after speaking to Hannezo.

10.  The personal assistant did not call back, but the bailiff's office was able to reach her on Friday, June 13, 2008.  She said that Hannezo would be back in the country next week, and would call the bailiff's office, either to make an appointment to be served or to come pick up the documents himself, in a taxi.

11.  On Monday, June 16, 2008, the sworn clerk was able to speak to the personal assistant.  She said that Hannezo was in the office, but had meetings all day.  She requested that the bailiff's office call Wednesday morning, June 18, 2008, to fix an appointment for service.

12.  The sworn clerk was able to reach Hannezo's personal assistant on Wednesday, June 18, 2008.  An appointment has been set for the sworn clerk to bring the documents to personally serve Hannezo at his place of business at 11:30 am, June 26, 2008.

# Exhibit K

**Christine Mackintosh**

| | |
|---|---|
| **From:** | Karina Shreefer [kshreefer@legallanguage.com] |
| **Sent:** | Tuesday, July 01, 2008 11:02 AM |
| **To:** | Christine Mackintosh |
| **Subject:** | RE: Service on Hannezo |
| **Attachments:** | Chart.DOC |

Christine,

The French bailiffs have another appointment to serve Hannezo on Friday, July 11 at 11:30 a.m.   They intend to call on the 8th to confirm that appointment.

We'll do our best to have all the documents to France before that date.  FYI, we still need the missing Frankfurt Trust documents mentioned in yesterday's e-mail.

I've also attached the latest chart showing an additional five complaints have been sent to France.

As always, please let me know if you need anything further.

Thanks,

Karina

# Exhibit L

**GRANT & EISENHOFER/VIVENDI**
**TRANSLATION & SERVICE OF PROCESS UPON HANNEZO IN FRANCE**

| Complaint | Firm | Target date Translation Proofed | Date Sent to France | Date Served | Date Proof Received |
|---|---|---|---|---|---|
| Allianz Global Investors Kapitalanlagegesellschaft MBH et al, 07-cv-8156 | Schiffrin/Shapiro | 6/2/08 done | 6/3/08 | 6/26/08 | |
| Arbejdsmarkedets Tillaegspension et al, 07-cv-9229 | Schiffrin/Shapiro | 6/6/08 done | 6/6/08 | 6/26/08 | |
| Swedbank Robur Fonder AB et al, 07-cv-11092 | Schiffrin/Shapiro | 6/6/08 done | 6/6/08 | 6/26/08 | |
| Forsta AP-fonden et al, 07-cv-11628 | Motley Rice/Caplin | 6/18/08 Done 6/20/08 | 6/23/08 | 6/26/08 | |
| Oppenheim Kapitalanlagegesellschaft mbH et al, 07-cv-8830 | Motley Rice/Caplin | 6/6/08 Done 6/9 | 6/12/08 | 6/26/08 | |
| Pioneer Investment Management SGRPA, 07-cv-10578 | Motley Rice/Caplin | 6/16/08 Done 6/19/08 | 6/20/08 | 6/26/08 | |
| SEB Invest GmbH, 08-cv-0950 | Motley Rice/Caplin | 6/16/08 Done 6/19/08 | 6/20/08 | 6/26/08 | |
| Wiener Städtische Versicherung AG Vienna Insurance Group, 08-cv-1111 | Motley Rice/Caplin | 6/16/08 Done 6/19/08 | 6/20/08 | 6/26/08 | |
| Universal-Investment-Gesellschaft mbH, 07-cv-10954 | Motley Rice | 6/16/08 Done 6/19/08 | 6/20/08 | 6/26/08 | |
| AGF Asset Management, S.A., 07-cv-11305 | Labaton | 6/12/08 Done 6/11 | 6/12/08 | 6/26/08 | |
| Aletti Gestielle SGR S.p.A. et al, 08-cv-0908 | Labaton | CANCELLED | | | |
| Caisse de dépôt et placement du Québec, 07-cv-11484 | Labaton | 6/6/08 Done | 6/6/08 | 6/26/08 | |
| Capitalia Asset Management SGR, S.p.A et al, 07-cv-5742 | Labaton | 6/23/08 | CANCELLED (6/18/08) | | |
| Eurizon Capital SA | Labaton | 6/17/08 Done 6/20/08 | 6/23/08 | 6/26/08 | |
| Eurizon Capital SGR S.p.A., 07-cv-11483 | Labaton | 6/10/08 Done 6/6 | 6/12/08 | 6/26/08 | |
| Irish Life Investment Managers Limited, 07-cv-10995 | Labaton | 6/11/08 Done 6/6 | 6/12/08 | 6/26/08 | |

| Complaint | Firm | Target date Translation Proofed | Date Sent to France | Date Served | Date Proof Received |
|---|---|---|---|---|---|
| Andra AP-fonden, 08-cv-0117 | G&E/Diaz, Reus | 6/17/08 Done 6/23/08 | 6/27/08 | 7/11/08 | |
| Bayern-Invest Kapitalanlagegesellschaft Mbh, 07-cv-7775 | G&E/Diaz, Reus | 6/12/08 Done 6/10 | 6/12/08 | 6/26/08 | |
| Deka Investment, 07-cv-7776 | G&E/Diaz, Reus | 6/13/08 Done 6/13 | 6/18/08 | 6/26/08 | |
| Frankfurter Service Kapitalanlage-Gesellschaft MBH, 07-cv-7863 -- REVISED | G&E/Diaz, Reus | 6/23/08 Done 6/27/08 | 7/2/08 | 7/11/08 | |
| Helaba Invest Kapitalanlagegesellschaft mbh, 07-cv-7778 | G&E/Diaz, Reus | 6/12/08 Done 6/17/08 | 6/18/08 | 6/26/08 | |
| HSBC Trinkaus & Burkhardt AG, 07-cv- 8208 | G&E/Diaz, Reus | 6/23/08 Done 6/26/08 | 6/27/08 | 7/11/08 | |
| Internationale Kapitalanlagegesellschaft mbh, 07-cv-7779 | G&E/Diaz, Reus | 6/23/08 Done 6/27/08 | 7/2/08 | 7/11/08 | |
| MEAG MUNICH ERGO Kapitalanlagegesellschaft mbH et al, 07-cv-11485 | G&E/Diaz, Reus | 6/17/08 Done 6/24/08 | 6/27/08 | 7/11/08 | |
| Metzler Investment GMBH, 07-cv-7803 | G&E/Diaz, Reus | 6/12/08 Done 6/17/08 | 6/18/08 | 6/26/08 | |
| NORDCON Investment Management AG, 08-cv-0024 | G&E/Diaz, Reus | 6/23/08 Done 6/26/08 | 6/27/08 | 7/11/08 | |
| Norges Bank, 07-cv-7370 | G&E/Diaz, Reus | 5/16/08 | 5/16/08 | 6/26/08 | |
| Swiss Life Holding AG, 07-cv-9593 | G&E/Diaz, Reus | 6/12/08 Done 6/13 | 6/18/08 | 6/26/08 | |
| Tredje AP-fonden, 08-cv-0116 | G&E/Diaz, Reus | 6/23/08 Done 6/26/08 | 6/27/08 | 7/11/08 | |
| **Cases received June 24, 2008** | | | | | |
| Cominvest, 08-cv-01983 | Motley Rice | 7/2/08 Done 7/11/08 | | | |
| Ilmarinen, 08-cv-1973 | Schiffrin | 7/2/08 | | | |
| Monte Paschi, 08-cv-1974 | Schiffrin | 7/8/08 | | | |
| Nordea, 08-cv-1975 | Schiffrin | 7/8/08 Done 7/11/08 | | | |

# Exhibit M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x
                                                    :
CAPITALIA ASSET MANAGEMENT SGR S.p.A.    :    No. 07 Civ. 5742 (RJH) (HBP)
and CAPITALIA INVESTMENT MANAGEMENT      :
S.A.,                                               :    **NOTICE OF SERVICE**
                                                    :    **OF SUMMONS AND**
                    Plaintiffs,                     :    **COMPLAINT UPON**
                                                    :    **DEFENDANT**
            - against -                             :    **GUILLAUME HANNEZO**
                                                    :
VIVENDI, S.A., JEAN-MARIE MESSIER        :
and GUILLAUME HANNEZO,                     :
                                                    :
                    Defendants.                     :
                                                    :
———————————————————————x

PLEASE TAKE NOTICE, pursuant to Rules 4(f)(1), (l)(1), and (l)(2)(A) of the Federal Rules of

Civil Procedure, that Defendant Guillaume Hannezo was validly served with the summons and

complaint in this action on November 14, 2007 pursuant to the Hague Convention on the Service

Abroad of Judicial and Extrajudicial Documents, as set forth in the annexed Service, Affidavit of

Service, Certificate, and Request for Service Abroad of Judicial or Extrajudicial Documents.


Dated: December 6, 2007                 LABATON SUCHAROW LLP

                                  By:    /s/ David J. Goldsmith
                                         Lawrence A. Sucharow (LS-1726)
                                         Eric J. Belfi (EB-8895)
                                         Russel N. Jacobson (RJ-2268)
                                         David J. Goldsmith (DG-7388)
                                         140 Broadway
                                         New York, New York  10005
                                         Telephone: 212-907-0700
                                         Facsimile:  212-818-0477

                                         *Attorneys for Plaintiffs Capitalia*
                                         *Asset Management SGR S.p.A. and*
                                         *Capitalia Investment Management S.A.*

*2ND ORIGINAL*

SCP B.VENEZIA J.VENEZIA
F.LAVAL-LIAUD C.DELIEGE
Huissiers de Justice
130 Av. Charles de Gaulle
92203 NEUILLY SUR SEINE Cedex
B.P.131
TEL:01.46.24.62.50
FAX:01.46.24.44.49
Paiement en ligne sur http://
venezia92.cbhuissiers.fr

Références à Rappeler :
13367/508/MM/

Edité le 13.11.2007

# SIGNIFICATION

Le    QUATORZE ═══ NOVEMBRE
DEUX MILLE SEPT

*La S.C.P. Bernard VENEZIA, Jean VENEZIA,Fabienne LAVAL-LIAUD , Christophe DELIEGE, Titulaire d'un office d'Huissier de Justice, à la résidence de NEUILLY SUR SEINE ( 92200), 130 Avenue Charles de Gaulle, soussigné par: (voir fin d'acte)*

Á :

Monsieur **HANNEZO Guillaume**
84 avenue du Roule

92200 NEUILLY SUR SEINE
*Où étant et parlant à comme il est dit en fin d'acte*

**A LA DEMANDE DE :**

Diane K.Myers APS INTERNATIONAL, LTD, dont le siège social est situé APS International Plaza 7800 Glenroy, Road, MINNEAPOLIS, MINNESOTA  55439-3122 U.S.A., agissant poursuites et diligences de son représentant légal, domicilié en cette qualité audit siège social .

*Agissant au nom et pour le compte de :*

*Capitalia Asset Management SGR*

*Elisant domicile en mon Etude,*

| COUT ACTE | |
|---|---|
| (Décret 096-1080 du 12.12.1996) | |
| DROITS FIXES | |
| Article 6 et 7 | 57,20 |
| DROIT D'ENGAGEMENT | |
| DE POURSUITES | |
| Article 13 | |
| FRAIS DE DEPLACEMENT | |
| Article 18 | 6,22 |
| HT | 63,42 |
| TVA 19,60 % | 12,43 |
| TAXE FORFAITAIRE | |
| Article 20 | 9,15 |
| TTC (1) | 85,00 |
| LETTRE | |
| Article 20 | 0,86 |
| TTC (2) | 85,86 |

**VOUS REMETS CI-JOINT COPIE :**

D' UN ACTE EN PROVENANCE DE L'ETRANGER (CITATION DANS LE CADRE D'UNE ACTION CIVILE) EN DATE DU 15 JUIN 2007,

Cette signification vous est faite conformément à la Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 et pour servir et valoir ce que de droit.

SOUS TOUTES RESERVES.

SCP B. VENEZIA J. VENEZIA
F. LAVAL-LIAUD C. DELIEGE
Huissiers de justice
130 Av. Charles de Gaulle
92203 Neuilly sur Seine Cedex
B.P. 131
Tel: 01.46.24.62.50
Fax: 01.46.24.44.49
Online Payment on http://
venezia92.cbhuissiers.fr

References to be used:
13367/508/MM/
Edited on 11/13/2007

*Second Original*

**SERVICE**

On NOVEMBER FOURTEENTH
TWO THOUSAND AND SEVEN

*The Civil-Law Professional Partnership Bernard VENEZIA, Jean VENEZIA,
Fabienne LAVAL-LIAUD, Christophe DELIEGE, duly appointed Huissiers de
Justice, residing in NEUILLY SUR SEINE (92200), 130 Avenue Charles de Gaulle,
the undersigned, by (see end of writ)*

**TO:**
Mr. **HANNEZO** Guillaume
84 avenue du Roule
92200 NEUILLY SUR SEINE
*where I was and spoke to as stated at end of writ*

AT THE REQUEST OF:
Diane K. Myers - APS INTERNATIONAL, LTD. with its main office located
APS International Plaza, 7800 Glenroy Road, MINNEAPOLIS, MINNESOTA
55439-3122, U.S.A., acting in proceedings through their legal representative therein
domiciled in such capacity.

*Acting in the name of and on behalf of:*

*Capitalia Asset Management SGR*

*Electing address for service at my practice,*

**Cost of writ**
(Decree 096-1080 dated 12/12/1996)
Fixed Fees
Art. 6 & 7          57.20
Fees to initiate
proceedings
Art. 13
Travel Cost
Art. 18             6.22
                  --------
W/O Tax            63.42
19.60% V.A.T.      12.43
Flat Sum Tax
Art. 20             9.15
                  --------
All Tax inc. (1)   85.00

Letter
Art. 20             0.86
                  --------
All Tax inc. (2)   85.86

I AM DELIVERING TO YOU THE ATTACHED COPY :

OF A WRIT FROM A FOREIGN COUNTRY (SUMMONS IN A CIVIL CASE)
DATED JUNE 15, 2007

This service is made pursuant to the provisions of the Convention on the Service
Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters,
signed in THE HAGUE on November 15, 1965, with all advantages thereto
pertaining.

W I T H O U T   P R E J U D I C E

SCP B.VENEZIA J.VENEZIA
F.LAVAL-LAVAL C.DELEGE
Huissiers de Justice
130 Av. Charles de Gaulle
92203 NEUILLY SUR SEINE Cedex
B.P.131
TEL:01.46.24.62.50
FAX:01.46.24.44.49
Paiement en ligne sur http://
venezia92.cbhuissiers.fr

## PROCES VERBAL de SIGNIFICATION
### de SIGNIFICATION A TOUTES FINS

(REMISE A DOMICILE)

En date du QUATORZE NOVEMBRE
DEUX MILLE SEPT

Références :

13367/PC2/

A LA DEMANDE DE  Diane K.Myers

SIGNIFIE A   Monsieur HANNEZO Guillaume
84 avenue du Roule
92200 NEUILLY SUR SEINE

Cet acte a été remis par Clerc assermenté dans les conditions ci-dessous indiquées, et suivant les déclarations qui lui ont été faites.

• Au domicile du destinataire dont la certitude est caractérisée par les éléments suivants :

▪ La signification à la personne même du destinataire de l'acte s'avérant impossible pour les raisons suivantes :

J'ai rencontré :   Mme HANNEZO Marie Laure
son épouse
*ainsi déclaré qui a accepté de recevoir la copie.*

J'ai laissé copie de l'acte sous enveloppe fermée, ne comportant d'autres indications que d'un coté le nom et l'adresse du destinataire de l'acte, et de l'autre coté le cachet de mon Etude apposé sur la fermeture du pli.

Un avis de passage daté de ce jour, mentionnant la nature de l'acte, le nom du requérant et le nom de la personne ayant reçu la copie a été laissé au domicile du signifié.

La lettre prévue par l'article 658 du Nouveau Code de Procédure Civile contenant copie de l'acte de signification a été adressée le jour même ou au plus tard le premier jour ouvrable.

*La copie du présent acte comporte 18 feuilles.*

Visa de l'Huissier de Justice des mentions relatives à la signification

**COUT ACTE**
(Décret 096-1080 du 12.12.1996)

| | |
|---|---|
| DROITS FIXES | |
| Article 6 et 7 ...................... | 57,20 |
| DROIT D'ENGAGEMENT | |
| DE POURSUITES | |
| Article 13...................... | |
| FRAIS DE DÉPLACEMENT | |
| Article 18...................... | 6,22 |
| H.T. ...................... | 63,42 |
| TVA 19,60% ............. | 12,43 |
| TAXE FORFAITAIRE | |
| Article 20...................... | 9,15 |
| LETTRE | |
| Article 20...................... | 0,86 |
| DEBOURS ...................... | |
| T.T.C. ...................... | 85,86 |

Acte soumis à la taxe forfaitaire

VENEZIA Jean



SCP B. VENEZIA J. VENEZIA
F. LAVAL-LIAUD C. DELIEGE
Huissiers de justice
130 Av. Charles de Gaulle
92203 Neuilly sur Seine Cedex
B.P. 131
Tel: 01.46.24.62.50
Fax: 01.46.24.44.49
Online Payment on http://
venezia92.cbhuissiers.fr

References:
13367/PC2/

**AFFIDAVIT OF SERVICE**
SERVICE FOR ALL PURPOSES

On NOVEMBER FOURTEENTH
TWO THOUSAND AND SEVEN

AT THE REQUEST OF    Diane K. Myers

I SERVED UPON        Mr. HANNEZO Guillaume
                     84 avenue du Roule
                     92200 NEUILLY SUR SEINE

The writ was delivered by a sworn clerk, under the conditions stated below, and per the statements made to him.

· At the addressee's domicile which was ascertained as follows:

· Since personal service on the person to be served was not possible for the following reasons:

I met:   Mrs HANNEZO Marie Laure
         his spouse

**Cost of writ**
(Decree 096-1080 dated 12/12/1996)

| | |
|---|---|
| Fixed Fees | |
| Art. 6 & 7 | 57.20 |
| Fees to initiate | |
| Proceedings | |
| Art. 13 | |
| Travel Cost | |
| Art. 18 | 6.22 |
| | -------- |
| W/O Tax | 63.42 |
| 19.60% V.A.T. | 12.43 |
| Flat Sum Tax | |
| Art. 20 | 9.15 |
| Letter | |
| Art. 20 | 0.86 |
| Disbursements | |
| | -------- |
| All Tax incl. | 85.86 |

Writ subject to flat sum tax

*per her statements and who accepted to receive the copy.*

I left a copy of the writ in a sealed envelope, indicating only the addressee's name and address on one side, and the Huissier's stamp on the flap on the other side.

A notice of visit, with today's date, stating the nature of the writ, the claimant's name and the name of the person who received the copy, was left at the domicile of the person served.

The letter specified by Article 658 in the New Code of Civil Procedure, together with a copy of the writ of service, was sent today or on the first working day.

*The copy of the writ includes 18 pages.*

Certification by the Huissier de Justice of all statements related to service.

VENEZIA Jean

*[Huissier's signature and stamp]*

Case Name: Capitalia Asset Management SGR v. Vivendi Universal, S.A.
Defendant: Guillaume Hannezo
Court Case No.: '07 CIV 5742

## CERTIFICATE
### *ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

**1)    that the document has been served***
*1.    que la demande a été exécutée*

- **the (date)**
- *le (date)*    14 NOVEMBRE 2007

- **at (place, street, number)**
- *à (localité, rue numéro)*    84 avenue du Roule    92200 NEUILLY S/SEINE

- **in one of the following methods authorised by article 5-**
- *dans une des formes suivantes prévues à l'article 5:*

[  ]  **(a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.**
   *a)    selon les formes légales (article 5, alinéa premier, lettre a).*

[  ]  **(b)  in accordance with the following particular method*:**
   *b)    selon la forme particulière suivante:*

[  ]  **(c)  by delivery to the addressee, who accepted it voluntarily.***
   *c)    par remise simple*

**The documents referred to in the request have been delivered to:**
*Les documents mentionnés dans la demande ont été remis à:*

- **(identity and description of person)**
- *(identité et qualité de la personne)*    Mme HANNEZO Marie Laure, épouse

- **relationship to the addressee (family, business or other):**
- *liens de parenté, de subordination o autres, avec le destinataire de l'acte:*    Épouse

**2)    that the document has not been served, by reason of the following facts*:**
*2.    que la demande n'a pas été exécutée, en raison des faits suivants:*

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.**

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Summary of the Document to be Served,  Complaint, Summons in a Civil Action, Translations

**Annexes**
*Annexes*
**Documents returned:**
*Pièces renvoyées:*

**Done at**
*Fait à*    Neuilly s/seine    , the    15/11/07
      *, le*

**In appropriate cases, documents establishing the service:**
*Le cas échéant, les documents justificatifs de l'exécution:*

**Signature and/or stamp.**
*Signature et/ou cachet.*

*    Delete if inappropriate.
   *Rayer les mentions inutiles.*

2

Case Name: Capitalia Asset Management SGR v. Vivendi Universal, S.A.
Defendant: Guillaume Hannezo
Court Case No.: '07 CIV 5742

## CERTIFICATE
### *ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

**1)**    **that the document has been served\***
*1.*    *que la demande a été exécutée*
      **- the (date)**
      *- le (date)*    November 14, 2007
      **- at (place, street, number)**
      *- à (localité, rue numéro)*
      84 avenue du Roule, 92200 Nevilly S/Seine

      **- in one of the following methods authorised by article 5-**
      *- dans une des formes suivantes prévues à l'article 5:*
        [ ]   **(a)**   **in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention\*.**
            *a)*    *selon les formes légales (article 5, alinéa premier, lettre a).*
        [ ]   **(b)**   **in accordance with the following particular method\*:**
            *b)*    *selon la forme particuliére suivante:* _____

        [ ]   **(c)**   **by delivery to the addressee, who accepted it voluntarily.\***
            *c)*    *par remise simple*

**The documents referred to in the request have been delivered to:**
*Les documents mentionnés dans la demande ont été remis à:*
      **- (identity and description of person)**
      *- (identité et qualité de la personne)*    Mrs. HANNEZO Marie Laure, wife

      **- relationship to the addressee (family, business or other):**
      *- liens de parenté, de subordination o autres, avec le destinataire de l'acte:*    Wife

**2)**    **that the document has not been served, by reason of the following facts\*:**
*2.*    *que la demande n'a pas été exécutée, en raison des faits suivants:*
_____
_____
_____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

**LIST OF DOCUMENTS:** Summary of the Document to be Served,  Complaint, Summons in a Civil Action, Translations

**Annexes**
*Annexes*
**Documents returned:**
*Piéces renvoyées:*

_____
_____
_____

**In appropriate cases, documents establishing the service:**
*Le cas échéant, les documents justificatifs de l'exécution:*
_____
_____
_____

**Done at** _____ **, the**
*Fait à*   Nevilly s/seine     *, le*   11/15/2007

**Signature and/or stamp.**
*Signature et/ou cachet.*

_____
*(stamp) (signature)*

\*   Delete if inappropriate.
   *Rayer les mentions inutiles.*

2

APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF: New York

# REQUEST

# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant*<br><br>**Diane K. Myers**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota  55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776     Fax: 952.831.8150**<br>**Email: DMyers@CivilActionGroup.com** | Address of receiving authority<br>*Adresse de l'autorité destinataire*<br><br>**MINISTERE DE LA JUSTICE**<br>**(Bureau de l'Entraide judiciare int** **REÇU LE**<br>**13, place Vendôme**<br>**Paris Cedex 01**  **30 OCT. 2007**<br>**75042**  **D3**<br>**France** |
|---|---|

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
      (identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

(*identité et adresse*)     Guillaume Hannezo
          84 avenue du roule, 92220  Nevilly\Seine, France
          Tel:

[ ]  (a)   in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
       *a)   selon les formes légales (article 5, alinéa premier, lettre a).*
[X]  (b)   in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
       *b)   selon la forme particulière suivante (article 5, alinéa premier, lettre b):En remettant les documents à un huissier, qui se chargera de les signifier à Guillaume Hannezo.  Le Défendeur ne doit pas avoir l'option de refuser la signification.  Un chèque d'un montant de 89.00 euro pour couvrir les honoraires de l'huissier est inclus.*
[ ]  (c)   by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
       *c)   le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

| | |
|---|---|
| Complaint | |
| Summons in a Civil Action | **Done at** _____ , the  10/25/07 |
| Translations | *Fait à* Minneapolis, Minnesota, U.S.A. _____ , le |
| Summary of the Documents to be Served | |
| _____ | |
| _____ | **Signature and/or stamp.** |
| _____ | *Signature et/ou cachet.* |
| _____ | |

(Formerly OBD-116 which was formerly LAA-116,          USM-94
both of which may still be used)                              (Est. 11/22/77)

\* Delete if inappropriate.
. *Rayer les mentions inutiles*

<u>Certificate of Service</u>

I hereby certify that the foregoing Notice of Service of Summons and Complaint upon Defendant Guillaume Hannezo was filed through the ECF system on December 6 2007 and accordingly will be served electronically upon all registered participants identified on the Notice of Electronic Filing.

/s/ David J. Goldsmith
David J. Goldsmith (DG-7388)

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on July 15, 2008, I caused a true and correct copy of the Individual Plaintiffs' Memorandum of Law in Opposition to Defendant Guillame Hannezo's Motion to Dismiss; and Declaration of Christine M. Mackintosh to be served upon the following by email and by electronic filing using the CM/ECF system:

Arthur N. Abbey, Esq.
Abbey Spanier Rodd & Abrams LLP
212 East 39th Street
New York, NY  10016

Michael Spencer, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, NY  10119

Brian C. Kerr, Esq.
Dreier LLP
499 Park Avenue
New York, NY  10022

Michael L. Calhoon, Esq.
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, D.C.  20004-2400

John A. Kehoe, Esq.
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA  19087

William H. Narwold, Esq.
Motley Rice LLC
One Corporate Center
20 Church Street
Hartford, CT  06103

Penny Reid, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153

Paul Saunders, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Michael J. Malone, Esq.
King & Spalding LLP
1185 Avenue of the Americas
New York, NY  10036

Martin L. Perschetz, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY  10022

Anthony Harwood, Esq.
Labaton Sucharow LLP
140 Broadway
New York, NY  10005

Vincent R. Cappucci, Esq.
Entwistle & Cappucci LLP
280 Park Avenue
New York, NY  10017


             /s/ James J. Sabella            
          James J. Sabella (JS 5454)